UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DORCELLA JONES, | Case No.: 18-cv-1470-GPC-NLS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | **(1) TO SHOW CAUSE RE: PLAINTIFF'S RESIDENCE;** |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | **(2) DENYING REQUEST TO TRANSFER VENUE (ECF No. 21).** |

On July 17, 2018, the Court received Plaintiff Dorcella Jones's Request to Transfer this Case to the District of Maryland. (ECF No. 21.)

Plaintiff, whose complaint raises a civil action for the tax refund against the IRS under 28 U.S.C. § 1346(a), had originally filed suit in the Northern District of California. On June 25, 2018, the Northern District transferred Plaintiff's action to this district because venue for § 1346(a) actions lie only "in the judicial district where the plaintiff resides," 28 U.S.C. § 1402(a)(1), and because the addresses supplied in Plaintiffs' filings (that is, the address listed on various exhibits and pleadings) reflected an address of "Salton City, California," which is part of the Southern District of California.

After the transfer to this judicial district, Plaintiff mailed a letter (i.e. the pending Request to Transfer Venue, ECF No. 21), to the Court advising that the Salton City, CA

1

address is not in fact her residence, but is a business address that has now been sold. That letter requested a transfer of venue to Baltimore, Maryland.[1]

At that juncture, the Court issued an order to show cause to Plaintiff, asking her to state "(1) where [she] resided at the time this action was filed on March 12, 2018 and (2) where [she] currently resides." (ECF No. 22, at 2.) This information was necessary to resolve Plaintiff's venue transfer request, since transfers of civil actions are available only to another "district or division where it might have been brought," 28 U.S.C. § 1404(a), and because with respect to § 1402(a) "the relevant district to consider is plaintiff's residence *as of the time of the filing of the complaint*." *Golberg v. United States*, No. 13-CV-7353 JS AYS, 2015 WL 5638008, at *3 (E.D.N.Y. June 4, 2015), *accord Noonis v. United States*, 539 F. Supp. 404, 404 (S.D. Cal. 1982).

Plaintiff mailed two letters to the Court after the order to show cause issued (ECF Nos. 24, 26.) However, neither letter is responsive to the key venue transfer issue—i.e., where Plaintiff resided "at the time this action was filed on March 12, 2018." Plaintiff reiterates that she "do[es not] belong in [the Southern District of California's] court system," and that the "property [she has] down in Southern Cal" were "businesses which are sold." (ECF No. 24, at 1.) However, her letters also suggest that she has not yet moved to the District of Maryland, which indicates that she was not a resident of Maryland "as of the time of the filing of the complaint." *Golberg v. United States*, 2015 WL 5638008, at *3. Indeed, Plaintiff's August 24, 2018 letter states that she "will be leaving" (presumably, her Southern California business) "in approx. a month and ½." (*Id.*) If Plaintiff had not moved to Maryland as of August 24, 2018, then it stands to reason that she was not a resident of Maryland as of March 12, 2018, making a transfer of venue improper. As such, Plaintiff's request for a transfer of venue is **denied.**

---

[1] Some exhibits also list a Maryland address. *See, e.g.*, Dkt. No. 16 at 15.

2

18-cv-1470-GPC-NLS

Furthermore, in light of Plaintiff's repeated assertions that she does not belong in this judicial district, the Court also questions whether venue is proper within the Southern District of California. Plaintiff will be granted one final opportunity to demonstrate where she resided on March 12, 2018, the date she filed her complaint in the Northern District of California. If she was not a resident of the Southern District of California on that date, this Court may dismiss the complaint for improper venue. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any other district or division in which it could have been brought.")

## CONCLUSION

Plaintiff's request to transfer venue (ECF No. 21) is **DENIED.** She is further **DIRECTED** to show cause by filing a supplemental brief by **February 15, 2019** concisely stating:

- where she resided at the time this action was filed on March 12, 2018.

In light of Plaintiff's concern for privacy, she need not disclose the exact address of her residence on March 12, 2018 to comply with the Court's order so long as she specifies the county or city where she resided at the time of filing. Plaintiff is hereby advised that failure to adhere to this Order may result in the dismissal of her action.

**IT IS SO ORDERED.**

Dated: January 15, 2019

Hon. Gonzalo P. Curiel
United States District Judge

CC:

Dorcella Jones

5525 N. 3rd Street

Philadelphia, PA, 19120